1  STEPHANIE YONEKURA
   Acting United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   MATTHEW P. LANE (Cal. Bar No. 265845)
4  Assistant United States Attorney
        Federal Building, Suite 7516
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-3148
        Facsimile: (213) 894-7819
7       E-mail: Matthew.Lane@usdoj.gov

8
   Attorneys for Federal Defendants
9  UNITED STATES SENATE, and
   UNITED STATES DEPARTMENT OF COMMERCE

10

11                  UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                       WESTERN DIVISION

14

15 | TARA CHAND SINGHAL, an     | No. CV 13-07857 DDP (PJWx)
   | individual                 |
16 |                            | **FEDERAL DEFENDANTS' NOTICE
   |        Plaintiff,          | OF MOTION AND MOTION TO
17 |                            | DISMISS; MEMORANDUM OF
   |            v.              | POINTS AND AUTHORITIES IN
18 |                            | SUPPORT THEREOF**
   | THE EXECUTIVE BRANCH OF THE|
19 | UNITED STATES GOVERNMENT;  |
   | THE UNITED STATES SENATE;  | [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]
20 | THE UNITED STATES HOUSE OF |
   | REPRESENTATIVES; AND THE   |
21 | DEPARTMENT OF COMMERCE     | Hearing Date:    3/23/15
   | (COLLECTIVELY, "THE        | Hearing Time:    10:00 a.m.
22 | GOVERNMENT"),              | Courtroom:       Courtroom 3
   |                            |                  312 N. Spring St.
23 |        Defendants.         |                  Los Angeles, CA 90012

24

25                                        Honorable Dean D. Pregerson

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Monday, March 23, 2015, at 10:00 a.m., or as soon thereafter as the parties may be heard, federal defendants United States Senate and United States Department of Commerce, will and hereby do move for an Order dismissing Plaintiff's Complaint in the above-captioned action.  The hearing will take place before the Honorable Dean D. Pregerson, in his courtroom located at the Federal Courthouse, Courtroom 3, 312 North Spring Street, Los Angeles, California 90012.

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that this Court lacks jurisdiction over such claims, and the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and filings herein, and such further oral argument as may take place at the time of the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place beginning on February 5, 2015.

Dated: February 18, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


   /s/  *Matthew P. Lane*
MATTHEW P. LANE
Assistant United States Attorney

Attorneys for Federal Defendants
UNITED STATES SENATE, and
UNITED STATES DEPARTMENT OF
COMMERCE

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff Tara Chand Singhal, a self-identified "non-practicing attorney" and "independent inventor," filed the *pro se* "Complaint for Injunctive Relief" on October 24, 2013.  In the 127 paragraph Complaint, Plaintiff takes issue with certain "unwritten and written provisions" of the Leahy-Smith America Invents Act of 2011, P.L. 112-29, 35 U.S.C. § 1 et seq. (hereinafter referred to as the "AIA").  Plaintiff generally claims that the enactment of the AIA is part of a "nefarious agenda" in support of a conspiracy between "bully corporations" and all three branches of the United States Government to subvert the rights of independent inventors who are sometimes referred to as "non-participating entities" and "patent trolls."  See Compl. generally.

Plaintiff brings this action against "the Executive Branch of the United States Government,"[1] the United States Senate, the United States House of Representatives,[2] and the Department of Commerce, which Plaintiff collectively refers to as "the Government."  Plaintiff states that he has named both houses of Congress as defendants because "they each have separately signed on the AIA," and he has named the "Executive Branch" as a defendant because it "is statutorily charged with the responsibility to issue and enforce regulations for the United States, and the U.S. Department of Commerce is responsible for the conduct of the USPTO[3] and to foster innovation."  Compl., ¶51.

Plaintiff labels his causes of action as: (1) "Sound Theory of Damages (STD): - Corruption of Federal Judiciary;" (2) the AIA "On Joinder of Parties in a Patent

---

[1] The "Executive Branch of the United States Government" is not an entity capable of being sued.  See, e.g., Ramirez v. Executive Branch, No. CV12-2851 JSL (SS), 2012 WL 3710612, *5 (C.D. Cal. Jul. 6, 2012) (Complaint "utterly failed to clarify any of Plaintiff's purported claims" when "Plaintiff simply listed the '[e]xecutive [b]ranch of the United States' among other unnamed defendants.").

[2] While undersigned counsel does not represent the United States House of Representatives in this matter, Plaintiff's Complaint should be dismissed as to the House for the same reasons as the other defendants.

[3] Presumably, the United States Patent and Trademark Office

1   Enforcement Action is Overbroad and Vague;" (3) the AIA "On Joinder of Parties in a

2   Patent Enforcement Action Violates Due Process Rights;" (4) Civil Conspiracy; (5)

3   Fraud; (6) "Frivolous *Ex Parte* Reexamination Filings By Unidentified Companies;" and

4   (7) "Intentional Misuse of *KSR* By The Members of the Federal Judiciary Who Dislike

5   Patents and are Against the Rights of Patent Owners in Harassing Plaintiffs By

6   Threatening To Hold the Claims Invalid Under *KSR* Common Sense." See Compl.,

7   ¶¶60-126.

8          As relief, Plaintiff seeks to have the Court order that use of the term "patent troll is

9   legally actionable defamation and subject to an appropriate fine to discourage such

10  demeaning behavior," and he seeks to have certain provisions of the AIA either stricken

11  or amended. See Compl., ¶¶ 91, 99, 105, 109, 114, 118, 126.  Plaintiff does not appear

12  to bring this action related to any specific patent.  Rather, he appears to voice his

13  disagreement with certain portions of the AIA, and he appears to seek to compel the

14  Court to amend the law in accordance with his purported interests.  As demonstrated

15  below, Plaintiff's Complaint should be dismissed.

16  **II.      ARGUMENT**

17          **A.      Plaintiff's Action Should Be Dismissed For Lack Of Subject Matter**

18                   **Jurisdiction Because The United States Has Not Waived Its Sovereign**

19                   **Immunity As It Relates To Plaintiff's Claims.**

20          A district court must dismiss an action if the court lacks jurisdiction over the

21  subject matter of the suit.  Fed R. Civ. P. 12(h)(3).  The party seeking to invoke federal

22  jurisdiction bears the burden of establishing that jurisdiction exists.  Scott v. Breeland,

23  792 F.2d 925, 927 (9th Cir. 1986).  Thus, "[w]hen subject matter jurisdiction is

24  challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden

25  of proving jurisdiction in order to survive the motion."  Tosco Corp. v. Cmtys. for a

26  Better Env't, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds, Hertz Corp.

27  v. Friend, 559 U.S. 77 (2010).

28          A claim must be dismissed for lack of subject matter jurisdiction when brought

1   against a party that enjoys sovereign immunity.  See Balser v. Dep't of Justice, 327 F.3d

2   903, 908 (9th Cir. 2003).  Under the doctrine of sovereign immunity, "[t]he United

3   States…is immune from suit save as it consents to be sued, and the terms of its consent

4   to be sued in any court define that court's jurisdiction to entertain the suit." United

5   States v. Sherwood, 312 U.S. 584, 586 (1941) (internal citations omitted).  Evidence of

6   the government's consent must be unequivocal and may not be implied.  Blue v.

7   Widnall, 162 F.3d 541, 544 (9th Cir. 1998).  "Absent a waiver, sovereign immunity

8   shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S.

9   471, 475 (1994); see also Keener v. Congress, 467 F.2d 952, 953 (5th Cir. 1972) (per

10  curiam) (affirming dismissal because Congress "is protected from suit by sovereign

11  immunity"); McLean v. United States, 566 F.3d 391, 401 (4th Cir. 2009) (dismissing

12  constitutional challenge to statute, stating that "sovereign immunity extends to the

13  United States Congress when it is sued as a branch of the government").

14          Plaintiff has the obligation to specifically identify the statutory basis for

15  jurisdiction.  Plaintiff has failed to do so.  The only authority cited by Plaintiff, the AIA,

16  does not authorize the United States to be sued in this manner.  Accordingly, the action

17  should be dismissed.

18          **B.      Plaintiff Lacks Article III Standing.**

19          The question of Article III standing is a threshold determination concerning

20  "whether the litigant is entitled to have the court decide the merits of the dispute or of

21  particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975).  To establish that plaintiff

22  has standing, the plaintiff bears the burden of establishing three elements.  Lujan v.

23  Defenders of Wildlife, 504 U.S. 555, 561 (1992) (citations omitted).  First, the plaintiff

24  must show that he "suffered an injury in fact – an invasion of a legally protected interest

25  which is (a) concrete and particularized…and (b) actual or imminent, not conjectural or

26  hypothetical." Id. at 560.  Second, the plaintiff must show that there is a "causal

27  connection between the injury and the conduct complained of – the injury has to be fairly

28  traceable to the challenged action of the defendant, and not the result of the independent

4

1    action of some third party not before the court." Id.  Finally, the plaintiff must show that

2    it is "likely, as opposed to merely speculative, that the injury will be redressed by a

3    favorable decision." Id.

4         "The federal courts have abjured appeals to their authority which would convert

5    the judicial process into 'no more than a vehicle for the vindication of the value interests

6    of concerned bystanders.'" Valley Forge Christian College v. Americans United for

7    Separation of Church and State, Inc., 454 U.S. 464, 473 (1982) quoting United States v.

8    SCRAP, 412 U.S. 669, 687 (1973).  "Were the federal courts merely publicly funded

9    forums for the ventilation of public grievances or the refinement of jurisprudential

10   understanding, the concept of 'standing' would be quite unnecessary." Valley Forge,

11   454 U.S. at 473.  "But the 'cases and controversies' language of Art. III forecloses the

12   conversion of courts of the United States into judicial versions of college debating

13   forums." Id.

14        Although plaintiff claims that jurisdiction exists because "the case and controversy

15   requires interpretation of the Federal Statutes in the Leahy-Smith America Invents Act

16   ("AIA") of 2011," Compl., ¶2, Plaintiff is mistaken.  Plaintiff lacks standing to air his

17   disagreement with the enactment of the AIA by filing this action in federal district court.

18   Plaintiff has failed to demonstrate that he has suffered any "injury in fact" or that his

19   alleged injury will be redressed by a favorable decision, as Plaintiff only vaguely claims

20   that he disagrees with certain provisions of the AIA.  Plaintiff's claim that he is an

21   "independent inventor" is insufficient to permit him to challenge the constitutionality of

22   the AIA.  See Lujan, 504 U.S. at 578 (Environmental groups lack standing to challenge

23   Secretary of Interior regulation.).  Accordingly, Plaintiff's Complaint should be

24   dismissed for lack of standing.

25        **C.    Plaintiff's Challenge To Legislative Action Is Barred By The Speech Or**

26             **Debate Clause Of The United States Constitution.**

27        Plaintiff's claims against the Senate and House of Representatives are barred by

28   the Speech or Debate Clause, U.S. CONST. art. I, §6, cl. 1, which provides absolute

5

1    immunity from claims challenging activities within the legislative sphere.  See Eastland

2    v. U.S. Servicemen's Fund, 421 U.S. 491, 501-04 (1975); Newdow v. U.S. Congress,

3    328 F.3d 466, 484 (9th Cir. 2002) (holding that "the federal courts lack jurisdiction to

4    issue orders directing Congress to enact or amend legislation."), rev'd on other grounds,

5    542 U.S. 1 (2004); Maarawi v. U.S. Congress, 24 Fed. Appx. 43, 44 (2d Cir. 2001)

6    (dismissing tort suit against Congress on grounds of Speech or Debate Clause).  Under

7    the Speech or Debate Clause immunity, legislators are free from civil liability for what

8    they do or say in legislative proceedings.  Tenney v. Brandhove, 341 U.S. 367, 373

9    (1951).  The Speech or Debate Clause "insures that legislators are free to represent the

10   interests of their constituents without fear that they will be later called to task in the

11   courts for that representation."  Powell v. McCormack, 395 U.S. 486, 503 (1969).

12         Here, the United States Senate, as well as its individual members, is absolutely

13   immune from suit for any legislative activity, including the enactment of the AIA.  See

14   Gravel v. United States, 408 U.S. 606, 617 (1972) (Speech or Debate Clause immunity

15   "equally cover[s]" "[c]ommittee reports, resolutions, and the act of voting" as it does

16   actual speech or debate) (emphasis added); Rockefeller v. Bingaman, 234 Fed. Appx.

17   852, 855-56 (10th Cir. 2007)(Clause's immunity bars claims that Senate and Senators

18   violated Constitution by voting in favor of allegedly unconstitutional legislation).

19   Accordingly, to the extent that Plaintiff seeks to sue Congress based on the legislative

20   activity of its members, this Court lacks jurisdiction over those claims.

21         **D.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

22                 **Because Plaintiff Failed To File An Administrative Tort Claim Prior**

23                 **To Commencing Suit.**

24         To the extent that the Plaintiff's claims are grounded in tort, the Court lacks

25   subject matter jurisdiction over Plaintiff's Complaint because Plaintiff failed to satisfy

26   the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671

27   et seq.  The FTCA is the exclusive remedy for tort claims against the United States

28   "arising out of or resulting from the negligent or wrongful act or omission of any

1  employee of the Government while acting within the scope of his office or

2  employment….” 28 U.S.C. § 2679(b)(1).  Thus, the FTCA governs this action to the

3  extent that Plaintiff is alleging torts against the United States or its agents or employees.

4       The FTCA requires the exhaustion of administrative remedies before the

5  commencement of a tort suit. 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106

6  (1993).  A party may not maintain an action against the United States under the FTCA

7  “unless the claimant shall have first presented the claim to the appropriate Federal

8  agency and his claim shall have been finally denied.”  28 U.S.C. §2675(a).  After a claim

9  is denied, the claimant has six months to bring a Federal district court action against the

10  United States.  28 U.S.C. §2401(b).  The administrative claim requirement is a

11  prerequisite to subject matter jurisdiction and cannot be waived.  McNeil, 508 U.S. at

12  110; Burns v. United States, 764 F. 2d 722 (9th Cir. 1985); Blain v. United States, 552 F.

13  2d 289 (9th Cir. 1977).  Therefore, an action filed before exhaustion of administrative

14  remedies is premature and must be dismissed.  McNeil, supra, 508 U.S. at 110. “Strict

15  adherence to the procedural requirements specified by the legislature is the best

16  guarantee of evenhanded administration of the law.”  Id.

17       Plaintiff does not allege nor is there any indication that Plaintiff has ever filed an

18  administrative tort claim in this action.  Therefore, to the extent that Plaintiff’s claims are

19  grounded in tort, this Court lacks subject matter jurisdiction over the Complaint.

20  Accordingly, this action must be dismissed.

21       **E.**     **Plaintiff’s Intentional Tort Claims Fail as a Matter of Law.**

22       Plaintiff’s intentional tort claims are barred by the Intentional Tort Exception to

23  the FTCA.  28 U.S.C. § 2680(h).  The FTCA’s limited waiver of sovereign immunity

24  does not apply to “[a]ny claim arising out of assault, battery, false imprisonment, false

25  arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit,

26  or interference with contract rights.”  Id.  “In determining whether a claim ‘arises out of’

27  one of the enumerated torts, we look beyond a plaintiff’s classification of the cause of

28  action to determine whether the conduct on which the claim is based constitutes one of

7

1   the torts listed in §2680(h)."  Sabow v. U.S., 93 F.3d 1445, 1456 (9th Cir. 1996).  "[T]he

2   FTCA bars a claim based on conduct that constitutes a tort listed in section 2680(h),

3   even though that conduct may also constitute another tort not listed in section 2680(h)."

4   Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994).  "Similarly, a plaintiff cannot

5   circumvent the purpose of section 2680(h) by framing his complaint in terms of the

6   government's negligent failure to prevent the excepted harm."  Id. at 594-595. (citations

7   omitted).  Accordingly, to the extent that Plaintiff alleges intentional tort claims against

8   the federal defendants, including defamation, misrepresentation, or deceit, these claims

9   must fail.

10  **F.     Plaintiff's Complaint Should Be Dismissed For Failure To State A**

11  **Claim Upon Which Relief Can Be Granted.**

12       A district court must dismiss a complaint that fails to state a claim upon which

13  relief can be granted.  Fed. R. Civ. P. Rule 12(b)(6).  "To survive a motion to dismiss, a

14  complaint must contain sufficient factual matter, accepted as true, 'to state a claim to

15  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) quoting

16  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

17  plausibility when the plaintiff pleads factual content that allows the court to draw the

18  reasonable inference that the defendant is liable for the misconduct alleged."  Id. quoting

19  Twombly, 550 U.S. at 555.

20       Plaintiff's Complaint fails to state a cognizable claim.  Instead of presenting

21  specific facts related to actual events, Plaintiff "offers labels and conclusions" and

22  "naked assertions devoid of further factual enhancement."  Iqbal, 556 U.S. at 678

23  quoting Twombly, 550 U.S. at 555, 557.  For example, Plaintiff claims that "powerful

24  business interests have used the political process and have subverted the law-making

25  process to steal intellectual property rights...[and] [t]his suit is being filed by an

26  independent inventor *pro se* to redress these grievances."  Compl., ¶ 1.  Plaintiff also

27  claims that unspecified corporations are "indulging in name calling – in an attempt to

28  demean those who enforce their patent rights, in public discourse, corrupting members of

8

1    Congress, members of the federal judiciary, and even enlisting the President in that

2    nefarious agenda." Compl., ¶ 3.  According to Plaintiff, "[a]t the heart of this complaint

3    are these legal obstacles for the enforcement of patent rights that are being challenged as

4    unconstitutional, in bad faith, and as part of a conspiracy." Compl., ¶ 52.  Plaintiff's

5    Complaint fails to meet the facial plausibility pleading requirement because it lacks the

6    minimally required factual specificity.  Accordingly, Plaintiff's Complaint should be

7    dismissed for failure to state a claim upon which relief can be granted.

8    **III.    CONCLUSION**

9          For the foregoing reasons, federal defendants respectfully request that the Court

10   dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure

11   12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction and

12   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

13

14   Dated: February 18, 2015              Respectfully submitted,

15                                         STEPHANIE YONEKURA
                                           Acting United States Attorney
16                                         LEON W. WEIDMAN
                                           Assistant United States Attorney
17                                         Chief, Civil Division

18

19                                            /s/ *Matthew P. Lane*
                                           MATTHEW P. LANE
20                                         Assistant United States Attorney

21                                         Attorneys for Defendants,
                                           UNITED STATES SENATE, and
22                                         UNITED STATES DEPARTMENT OF
                                           COMMERCE
23

24

25

26

27

28

9